UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LANCE WILLIAMS,<br><br>          Plaintiff,<br><br>    v.<br><br>C.A. YOUNG, *et al.*,<br><br>          Defendants. | Case No. CV 14-8037-PA (KK)<br><br>**ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND** |

On October 17, 2014, Plaintiff Lance Williams, an inmate at California State Prison in Solano, lodged a *pro se* civil rights complaint ("Complaint") pursuant to 42 U.S.C. § 1983 ("section 1983"). On October 28, 2014, the Court granted Plaintiff's request to proceed without prepayment of the filing fee. After screening the Complaint pursuant to 28 U.S.C. § 1915(e), the Court dismisses it with leave to amend.

///

///

///

1

# I.

# **SUBSTANCE OF THE COMPLAINT**

**A.     Factual Allegations**

On December 31, 2010, while incarcerated at Pitchess Detention Center in Castaic, California, Plaintiff was pulled out of his dorm and repeatedly assaulted by Assistant Deputy Sheriff C.A. Young ("Deputy Young").  ECF No. 3 at 2-5.  As a result of the assault, Plaintiff's nose bled.  Id. at 5.  Plaintiff asked Deputy Young for medical care, but Deputy Young responded by calling Plaintiff a racial slur.  Id. Eventually, Deputy Young brought Plaintiff a towel, but he continued to deny Plaintiff medical care as "another act of sadistic mental state and deliberate indifference."  Id. at 7.  Deputy Young then placed Plaintiff in administrative segregation without justification.  Id.

Plaintiff later "complained of pain and requested medical assistance" from Sheriff John Doe 1.  Id.  According to Plaintiff, Sheriff John Doe 1 "denied me my right to care and place[d] me in" administrative segregation.  Id.

Plaintiff "urinated blood from [his] injuries and complained of pain for days and was ignored."  Id.  Plaintiff then filed a complaint, and was interviewed by Sheriff John Doe 2.  Id.  According to Plaintiff:  "I explained incident and was told by [Sheriff John Doe 2] he would speak with [Deputy Young] and that's the last I heard[.]"  Id.  Plaintiff claims he failed to complete an administrative grievance procedure because he failed to hear back from Sheriff John Doe 2.  Id. at 2.

**B.     Legal Claims**

Plaintiff alleges Defendants violated his rights under the Fifth, Eighth, and Fourteenth Amendments of the United States Constitution, as well as under various provisions of California's State Constitution.  Id. at 5.  More specifically, Plaintiff

alleges the use of excessive force; deliberate indifference; violation of his right to due process; violation of his "rights to be free from racial harassment, slander, [and] discrimination"; and invasion of his right to privacy. Id. at 5-6.

Plaintiff sues Deputy Young, Sheriff John Doe 1, Sheriff John Doe 2, and Los Angeles County Sheriff Lee Baca in their individual capacities. Id. at 3-4. Plaintiff also sues Los Angeles County. Id. at 4.

Plaintiff requests compensatory and punitive damages "in the amount of $1,000,000 due to emotional [and] mental distress from the physical injuries implemented by the negligent, sadistic and malicious acts of [Deputy Young]." Id. at 8. Plaintiff further requests "punitive damages against each defendant including L.A. County." Id. at 9. Plaintiff alleges the County is liable for such damages because "it has a policy of training and supervising its sheriff/jailor deputies," and because "this policy resulted in inadequate training and supervision[,] which in turn led to" the violation of Plaintiff's constitutional rights. Id.

## II.
## STANDARD OF REVIEW

Under 28 U.S.C. § 1915(e)(2)(B), this Court "must dismiss a prisoner's *in forma pauperis* case at any time if the Court determines that the action is (i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." O'Neal v. Price, 531 F.3d 1146, 1153 (9th Cir. 2008) (citation and internal quotation marks omitted).

A complaint may be dismissed for failure to state a claim "where there is no cognizable legal theory or an absence of sufficient facts alleged to support a cognizable legal theory." Zamani v. Carnes, 491 F.3d 990, 996 (9th Cir. 2007)

(citation and internal quotation marks omitted). In considering whether a complaint states a claim, "a court must accept as true all allegations of material fact and must construe those facts in the light most favorable to the plaintiff." Hamilton v. Brown, 630 F.3d 889, 892-93 (9th Cir. 2011) (citation and internal quotation marks omitted). However, a court need not accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." In re Gilead Scis. Sec. Litig., 536 F.3d 1049, 1055 (9th Cir. 2008) (citation and internal quotation marks omitted).

A complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Cook v. Brewer, 637 F.3d 1002, 1004 (9th Cir. 2011) (citation and internal quotation marks omitted); see also Starr v. Baca, 652 F.3d 1202, 1216 (9th Cir. 2011) ("[F]actual allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation."). A claim is facially plausible when it "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Cook, 637 F.3d at 1004 (citation and internal quotation marks omitted). "[T]o be entitled to the presumption of truth, allegations in a complaint or counterclaim may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively." Starr, 652 F.3d at 1216.

"A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Woods v. Carey, 525 F.3d 886, 889-90 (9th Cir. 2008) (citations and internal quotation marks omitted). "[W]e have an obligation where the petitioner is *pro se*, particularly in civil rights cases, to construe the

pleadings liberally and to afford the petitioner the benefit of any doubt." Akhtar v. Mesa, 698 F.3d 1202, 1212 (9th Cir. 2012) (citation and internal quotation marks omitted). If, however, a court finds that a *pro se* complaint has failed to state a claim, dismissal may be with or without leave to amend. Lopez v. Smith, 203 F.3d 1122, 1126-30 (9th Cir. 2000). *Pro se* plaintiffs should be permitted leave to amend unless it is absolutely clear that the complaint's deficiencies cannot be cured. Cafasso v. General Dynamics C4 Sys., Inc., 637 F.3d 1047, 1058 (9th Cir. 2011) ("Normally, when a viable case may be pled, a district court should freely grant leave to amend.").

### III.
### DISCUSSION

Affording Plaintiff the benefit of any doubt, he has arguably stated Eighth Amendment claims of excessive force and deliberate indifference to serious medical needs against Deputy Young. See Peralta v. Dillard, 744 F.3d 1076, 1081 (9th Cir. 2014) (articulating the "deliberate indifference" standard); Furnace v. Sullivan, 705 F.3d 1021, 1027 (9th Cir. 2013) ("[T]he unnecessary and wanton infliction of pain . . . constitutes cruel and unusual punishment forbidden by the Eighth Amendment.") (citation and internal quotation marks omitted). Plaintiff has also arguably stated an Eighth Amendment claim of deliberate indifference to serious medical needs against Sheriff John Doe 1.

However, Plaintiff's factual allegations in support of his other legal claims are deficient. Those claims must therefore be dismissed.

///
///
///

**A.      Plaintiff Fails to State a Claim Against Sheriff Lee Baca or Sheriff John Doe 2.**

Plaintiff names Los Angeles County Sheriff Lee Baca as a defendant but does not make a single factual allegation against him.  Thus, Plaintiff has failed to allege sufficient facts to state a claim to relief against Sheriff Lee Baca.  See Cook, 637 F.3d at 1004.

Similarly, Plaintiff names Sheriff John Doe 2 as a defendant but does not explain how Sheriff John Doe 2 violated his rights.  Rather, Plaintiff merely alleges (1) he spoke to Sheriff John Doe 2 about the alleged incident with Deputy Young; (2) Sheriff John Doe 2 said he would speak with Deputy Young; and (3) Plaintiff did not hear from Sheriff John Doe 2 again.  ECF No. 3 at 7.  Because Plaintiff has not explained how Sheriff John Doe 2 violated his rights, Plaintiff has failed to state a claim to relief against Sheriff John Doe 2.  See Cook, 637 F.3d at 1004.

**B.      Plaintiff Fails to State a Claim Against Los Angeles County.**

   **1.      Legal Standard**

Municipalities and other local government units may only be held liable under section 1983 for violations of constitutional rights that arise from an official policy or longstanding custom.  Monell v. New York City Dep't of Soc. Svcs., 436 U.S. 658, 694, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978)).  A plaintiff seeking to hold a municipal entity liable must allege the entity's policy or custom caused a violation of his constitutional rights.  See Trevino v. Gates, 99 F.3d 911, 918 (9th Cir. 1996).  "Liability for improper custom may not be predicated on isolated or sporadic incidents; it must be founded upon practices of sufficient duration, frequency and consistency that the conduct has become a traditional method of carrying out policy."  Id.

A plaintiff may also establish municipal liability by demonstrating the alleged constitutional violation was caused by a failure to train or supervise municipal employees adequately. See City of Canton v. Harris, 489 U.S. 378, 388, 109 S. Ct. 1197, 103 L. Ed. 2d 412 (1989). To state a failure-to-train claim, a plaintiff must allege (1) he was deprived of a constitutional right; (2) the municipality had a training policy that amounts to deliberate indifference to the constitutional rights of persons with whom officials are likely to come into contact; and (3) his constitutional injury would not have happened had the municipality properly trained those officials. Blankenhorn v. City of Orange, 485 F.3d 463, 484 (9th Cir. 2007). "Similarly, a failure to supervise that is sufficiently inadequate may amount to deliberate indifference" to a plaintiff's constitutional rights. Dougherty v. City of Covina, 654 F.3d 892, 900 (9th Cir. 2011) (citation and internal quotation marks omitted). "Mere negligence in training or supervision, however, does not give rise to a Monell claim." Id. (citation omitted).

### 2. Application

Plaintiff alleges Los Angeles County is liable for inadequately training and supervising Deputy Young. See ECF No. 3 at 9. However, Plaintiff's failure-to-train and failure-to-supervise claims "lack any factual allegations that would separate them from [a] formulaic recitation" of the elements of such claims. Dougherty, 654 F.3d at 900 (citation and internal quotation marks omitted). Plaintiff fails to allege sufficient facts to plausibly suggest (1) the County has a training or supervisory policy that amounts to deliberate indifference to constitutional rights; and (2) this policy caused Plaintiff's constitutional injury. Because the Complaint lacks "any factual allegations regarding key elements of" municipal liability claims, Plaintiff's claims against Los Angeles County must be

dismissed. Id.

### C. Plaintiff May Not Seek Punitive Damages From Los Angeles County.

Plaintiff seeks punitive damages from Los Angeles County. ECF No. 3 at 9. However, Los Angeles County, like all municipalities, is immune from punitive damages under section 1983. Mitchell v. Dupnik, 75 F.3d 517, 527 (9th Cir. 1996). Thus, even assuming Plaintiff can show the County is liable for his injuries, he may obtain only compensatory damages from the County. If Plaintiff chooses to file an amended complaint and to name Los Angeles County as a defendant, he must delete his punitive damages claim.

## IV.
## CONCLUSION

Plaintiff may respond to this Order in one of three ways. First, Plaintiff may inform the Court within **30 days** of the date of this Order that he will proceed solely against Deputy Young and Sheriff John Doe 1 for violating his Eighth Amendment rights. If Plaintiff so chooses, the Court will dismiss the remaining claims and authorize Plaintiff to serve the Complaint on Deputy Young and Sheriff John Doe 1.

Second, Plaintiff may file a First Amended Complaint within **30 days** of the date of this Order. The First Amended Complaint shall bear the designation "First Amended Complaint" and the case number assigned to this case ("CV 14-8037-PA-KK"). The First Amended Complaint must cure the defects described in this Order. Plaintiff shall not include new defendants or new allegations that are not reasonably related to the claims asserted in the instant Complaint. If Plaintiff files a First Amended Complaint, the instant Complaint will be treated as non-existent.

1  Therefore, the First Amended Complaint shall not refer in any manner to the instant
2  Complaint.  The First Amended Complaint must be complete in itself and not
3  require any prior knowledge of Plaintiff's case.  Plaintiff is explicitly cautioned that
4  failure to timely file a First Amended Complaint, or failure to correct the
5  deficiencies described in this Order, may result in a recommendation that this
6  action be dismissed with prejudice for failure to prosecute or failure to obey Court
7  orders pursuant to Federal Rule of Civil Procedure 41(b).

8        Third, Plaintiff may, within **30 days** of the date of this Order, request a
9  voluntary dismissal of this action without prejudice, pursuant to Federal Rule of
10 Civil Procedure 41(a).  **A Notice of Dismissal Form is attached for Petitioner's**
11 **convenience.**

12       The Court warns Petitioner that failure to timely file a response to this Order
13 may result in a recommendation that this action be dismissed with prejudice for
14 failure to prosecute or failure to obey Court orders.

15       IT IS SO ORDERED.

18 DATED: November 6, 2014

                                    HONORABLE KENLY KIYA KATO
                                    UNITED STATES MAGISTRATE JUDGE