1
2
3
4
5
6
7
8                    UNITED STATES DISTRICT COURT
9                   CENTRAL DISTRICT OF CALIFORNIA
10
11   LANCE WILLIAMS,                )   Case No. CV 14-8037-PA (KK)
                                    )
12                 Plaintiff,       )
                                    )   **ORDER DISMISSING**
13         v.                       )   **COMPLAINT WITH**
                                    )   **LEAVE TO AMEND**
14                                  )
     C.A. YOUNG, *et al.*,          )
15                                  )
                   Defendants.      )
16                                  )
                                    )
17   ─────────────────────────────

18        On December 3, 2014, Plaintiff Lance Williams, an inmate at California
19   State Prison in Solano, filed a *pro se* First Amended Complaint ("FAC") pursuant
20   to 42 U.S.C. § 1983 ("section 1983").  After screening the FAC pursuant to 28
21   U.S.C. § 1915(e), the Court dismisses it with leave to amend.
22   ///
23   ///
24   ///
25   ///
26   ///
27
28                                       1

# I.

# BACKGROUND

**A.      Original Complaint**

On October 17, 2014, Plaintiff lodged a section 1983 complaint ("Original Complaint"). In the Original Complaint, Plaintiff alleged that, on December 31, 2010, while incarcerated at Pitchess Detention Center, he was assaulted by Assistant Deputy Sheriff C.A. Young ("Deputy Young"). ECF No. 3 at 2-5. Plaintiff alleged he bled as a result of the assault, and that when he asked Deputy Young for medical care, Deputy Young responded by calling him a racial slur. Id. at 5. Plaintiff alleged he later requested medical assistance from Sheriff John Doe 1, but Sheriff John Doe 1 denied him assistance and placed him in administrative segregation. Id. at 7. Plaintiff alleged he then filed a complaint and was interviewed by Sheriff John Doe 2, who told Plaintiff he would speak with Deputy Young. Id. According to Plaintiff, he never heard back from Sheriff John Doe 2, which is why he never completed the prison's administrative grievance procedure. Id.; see also id. at 2.

Plaintiff alleged violations of, *inter alia*, the Fifth, Eighth, and Fourteenth Amendments. Id. at 5-6. Plaintiff sued Deputy Young, Sheriff John Doe 1, Sheriff John Doe 2, and Los Angeles County Sheriff Lee Baca in their individual capacities. Id. at 3-4. He also sued Los Angeles County. Id. at 4. Plaintiff sought both compensatory and punitive damages. Id. at 8-9.

On November 6, 2014, after screening the Original Complaint, the Court issued an order dismissing it with leave to amend ("ODLA"). According to the ODLA, Plaintiff arguably stated an Eighth Amendment claim against Deputy Young, but failed to state a claim against Sheriff John Doe 2, Sheriff Lee Baca, or Los Angeles County. ECF No. 5 at 8. The ODLA explained Plaintiff had not

alleged sufficient facts to demonstrate Sheriff John Doe 2 or Sheriff Baca violated his rights. Id. at 6. The ODLA further explained Plaintiff had not alleged sufficient facts to plausibly suggest Los Angeles County had a policy or custom whose execution caused Plaintiff's injuries. Id. at 7-8.

**B.     First Amended Complaint**

The factual allegations in the FAC are essentially identical to those in the Original Complaint. However, Plaintiff now alleges Sheriff John Doe 2 affirmatively refused to interview and reprimand Deputy Young or to remove Plaintiff from his "bogus placement in [administrative segregation]." ECF No. 8 at 7.

Plaintiff no longer names Los Angeles County as a defendant. However, Plaintiff now sues the remaining defendants – Sheriff Baca, Deputy Young, Sheriff John Doe 1, and Sheriff John Doe 2 – in their individual *and* official capacities. Id. at 3-4. Plaintiff claims Sheriff Baca "[i]mplemented policies, regulations, [etc.] that caused use of excessive force, unprovoked and wanto[n] infliction of pain and loss of liberty." Id. at 3. Plaintiff claims Deputy Young used excessive force and was deliberately indifferent. Id. Plaintiff claims Sheriff John Doe 1 was deliberately indifferent to his medical needs and was racially discriminatory in placing him in administrative segregation. Id.; see also id. at 6 (stating Sheriff John Doe 1 "refused multiple requests I made for medical care and instructed two other deputies" that Plaintiff "'don't need to see no medic'"). Plaintiff claims Sheriff John Doe 2 was deliberately indifferent in refusing to interview and reprimand Deputy Young, and was racially discriminatory in failing to remove Plaintiff from administrative segregation. Id. at 4.

Plaintiff seeks compensatory and punitive damages against each defendant.

Id. at 8.  Plaintiff also asks the Court to order Sheriff Baca to house him in a "high security" unit during the pendency of this suit.  Id.

## II.
## **STANDARD OF REVIEW**

Under 28 U.S.C. § 1915(e)(2)(B), this Court "must dismiss a prisoner's *in forma pauperis* case at any time if the Court determines that the action is (i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." O'Neal v. Price, 531 F.3d 1146, 1153 (9th Cir. 2008) (citation and internal quotation marks omitted).

A complaint may be dismissed for failure to state a claim "where there is no cognizable legal theory or an absence of sufficient facts alleged to support a cognizable legal theory." Zamani v. Carnes, 491 F.3d 990, 996 (9th Cir. 2007) (citation and internal quotation marks omitted).  In considering whether a complaint states a claim, "a court must accept as true all allegations of material fact and must construe those facts in the light most favorable to the plaintiff." Hamilton v. Brown, 630 F.3d 889, 892-93 (9th Cir. 2011) (citation and internal quotation marks omitted).  However, a court need not accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." In re Gilead Scis. Sec. Litig., 536 F.3d 1049, 1055 (9th Cir. 2008) (citation and internal quotation marks omitted).

A complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Cook v. Brewer, 637 F.3d 1002, 1004 (9th Cir. 2011) (citation and internal quotation marks omitted); see also Starr v. Baca, 652 F.3d 1202, 1216 (9th Cir. 2011) ("[F]actual allegations that are taken

as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation."). A claim is facially plausible when it "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Cook, 637 F.3d at 1004 (citation and internal quotation marks omitted). "[T]o be entitled to the presumption of truth, allegations in a complaint or counterclaim may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively." Starr, 652 F.3d at 1216.

"A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Woods v. Carey, 525 F.3d 886, 889-90 (9th Cir. 2008) (citations and internal quotation marks omitted). "[W]e have an obligation where the petitioner is *pro se*, particularly in civil rights cases, to construe the pleadings liberally and to afford the petitioner the benefit of any doubt." Akhtar v. Mesa, 698 F.3d 1202, 1212 (9th Cir. 2012) (citation and internal quotation marks omitted).

If a court dismisses a complaint for failing to state a claim, the court may grant leave to amend. Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000). "Normally, when a viable case may be pled, a district court should freely grant leave to amend." Cafasso v. General Dynamics C4 Sys., Inc., 637 F.3d 1047, 1058 (9th Cir. 2011). However, a court has discretion to deny leave to amend if "amendment would be futile," such as if a plaintiff's claims "are factually and legally implausible." Zadrozny v. Bank of New York Mellon, 720 F.3d 1163, 1173 (9th Cir. 2013) (citation and internal quotation marks omitted). A court's "discretion to deny leave to amend is particularly broad" where the plaintiff has

had a "prior opportunity to amend [the] complaint." Id. (citation and internal quotation marks omitted).

### III.
### DISCUSSION

Affording Plaintiff the benefit of any doubt, he has arguably stated Eighth Amendment claims of excessive force and deliberate indifference to serious medical needs against Deputy Young. See Peralta v. Dillard, 744 F.3d 1076, 1081 (9th Cir. 2014) (articulating the "deliberate indifference" standard); Furnace v. Sullivan, 705 F.3d 1021, 1027 (9th Cir. 2013) ("[T]he unnecessary and wanton infliction of pain . . . constitutes cruel and unusual punishment forbidden by the Eighth Amendment.") (citation and internal quotation marks omitted). However, Plaintiff's other claims are deficient and must be dismissed.

**A.  Plaintiff Fails to State a Claim Against Defendants in Their Official Capacities.**

Plaintiff does not name Los Angeles County as a defendant in the FAC. However, Plaintiff is now suing the remaining defendants – Sheriff Baca, Deputy Young, Sheriff John Doe 1, and Sheriff John Doe 2 – not only in their individual capacities, but in their official capacities as well. ECF No. 8 at 3-4. An individual-capacity suit seeks "to impose personal liability upon a government official for actions he takes under color of state law." Kentucky v. Graham, 473 U.S. 159, 165, 105 S. Ct. 3099, 87 L. Ed. 2d 114 (1985) (citations omitted). To state a claim against an official in his individual capacity under 42 U.S.C. § 1983, a plaintiff must allege the official, acting under color of law, "caused the deprivation of a federal right." Id. at 166 (citation omitted).

By contrast, an official-capacity suit seeks to impose liability upon the "entity of which an [official] is an agent." Id. (citations and internal quotation marks omitted). To state a claim against an official in his official capacity under Section 1983, a plaintiff must allege not only that the official, acting under color of law, caused the deprivation of a federal right, but that the entity of which the official is an agent has a "policy or custom" that was a "moving force" behind the deprivation. Id. (citing Monell v. New York City Dep't of Soc. Svcs., 436 U.S. 658, 694, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978)) (internal quotation marks omitted).

Like the Original Complaint, the FAC fails to allege any facts to plausibly suggest Los Angeles County, the entity of which the defendants are presumably agents, has a policy or custom that was a moving force behind Plaintiff's alleged injuries. Thus, Plaintiff cannot sue the defendants in their official capacities. Plaintiff has "had a prior opportunity to amend" his complaint to state a claim against Los Angeles County, and has still failed to do so. Zadrozny, 720 F.3d at 1173. **Thus, if Plaintiff chooses to file a Second Amended Complaint ("SAC"), he may not name Los Angeles County as a defendant or sue any other defendants in their official capacities.**

**B.    Plaintiff Fails to State a Claim Against Sheriff Lee Baca.**

Plaintiff claims Sheriff Lee Baca "[i]mplemented policies, regulations, [etc.] that caused use of excessive force, unprovoked and wanto[n] infliction of pain and loss of liberty." ECF No. 8 at 3. Plaintiff does not allege any facts to "plausibly suggest" this claim is true or "to enable [Sheriff Baca] to defend [himself] effectively." Starr, 652 F.3d at 1216. Thus, Plaintiff has failed to state a claim against Sheriff Baca. Id.

Plaintiff has "had a prior opportunity to amend" his complaint to state a claim against Sheriff Baca, and has still failed to do so. Zadrozny, 720 F.3d at 1173. **Thus, if Plaintiff chooses to file a SAC, he may not name Sheriff Baca as a defendant.**

## C. Plaintiff Fails to State a Claim Against Sheriff John Doe 1.

Plaintiff claims Sheriff John Doe 1 was deliberately indifferent to his medical needs and acted with racial animus in placing Plaintiff in administrative segregation. ECF No. 8 at 3.

### 1. Deliberate Indifference

"Prison officials violate the Eighth Amendment if they are deliberately indifferent to a prisoner's serious medical needs." Peralta, 744 F.3d at 1081 (citation, internal quotation marks, and alterations omitted). "A medical need is serious if failure to treat it will result in significant injury or the unnecessary and wanton infliction of pain." Id. (citations and internal quotation marks omitted). "A prison official is deliberately indifferent to that need if he knows of and disregards an excessive risk to inmate health." Id. (citation and internal quotation marks omitted).

Plaintiff alleges he asked Sheriff John Doe 1 for medical care but Sheriff John Doe 1 refused. Plaintiff does not allege that, when Sheriff John Doe 1 refused, he knew Plaintiff was in pain or had some other serious medical need. Thus, Plaintiff has failed to state a claim for deliberate indifference to serious medical needs against Sheriff John Doe 1. **If Plaintiff chooses to file a SAC and wishes to pursue a deliberate indifference claim against Sheriff John Doe 1, Plaintiff must allege sufficient facts to plausibly suggest that Sheriff John Doe**

1 knew Plaintiff had a serious medical need when he refused Plaintiff's request for medical care.

### 2. Racially Discriminatory Placement in Administrative Segregation

"Prisoners are protected under the Equal Protection Clause of the Fourteenth Amendment from invidious discrimination based on race." Serrano v. Francis, 345 F.3d 1071, 1081-82 (9th Cir. 2003) (citation, internal quotation marks, and alterations omitted). "To state a claim for violation of the Equal Protection Clause, a plaintiff must show that the defendant acted with an intent or purpose to discriminate against him based upon his membership in a protected class." Id. (citation omitted). "Intentional discrimination means that a defendant acted at least in part because of a plaintiff's protected status." Id. (citation, internal quotation marks, and emphasis omitted).

Plaintiff has not alleged sufficient facts to plausibly suggest Sheriff John Doe 1 was motivated by invidious racial discrimination when he placed Plaintiff in administrative segregation. Thus, Plaintiff has failed to state a racial discrimination claim against Sheriff John Doe 1.

### D. Plaintiff Fails to State a Claim Against Sheriff John Doe 2.

Plaintiff alleges Sheriff John Doe 2 was racially discriminatory in failing to remove Plaintiff from his "bogus placement" in administrative segregation, and was deliberately indifferent in "refusing to interview and reprimand Deputy Young." ECF No. 8 at 4, 7.

As with Sheriff John Doe 1, Plaintiff has not alleged sufficient facts to plausibly suggest Sheriff John Doe 2 was motivated by racial animus in failing to remove Plaintiff from administrative segregation. Thus, Plaintiff has failed to state

a racial discrimination claim against Sheriff John Doe 2.

    Plaintiff's complaint that Sheriff John Doe 2 allegedly failed to interview and reprimand Deputy Young also fails to state a constitutional claim. Plaintiff's complaint is essentially that Sheriff John Doe 2 did not follow the proper grievance procedure after allegedly interviewing Plaintiff. Even assuming Sheriff John Doe 2 did not follow proper procedure – which is not clear from Plaintiff's allegations – "inmates lack a separate constitutional entitlement to a specific prison grievance procedure." Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003) (citation omitted); see also Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988) (rejecting a prisoner's contention that the state's establishment of a grievance procedure created a liberty interest protected by due process, because "[t]here is no legitimate claim of entitlement to a grievance procedure"). Thus, Plaintiff has failed to state a cognizable claim against Sheriff John Doe 2.

    Plaintiff has "had a prior opportunity to amend" his complaint to state a claim against Sheriff John Doe 2, and has still failed to do so. Zadrozny, 720 F.3d at 1173. **Thus, if Plaintiff chooses to file a SAC, he may not name Sheriff John Doe 2 as a defendant.**

### E. Plaintiff Fails to Allege Sufficient Facts to Support His Request for Injunctive Relief.

    Plaintiff asks the Court to order Sheriff Baca to house him in a "high security" unit during the pendency of this suit. ECF No. 8 at 8. A party seeking a preliminary injunction "must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 20, 129 S. Ct. 365,

172 L. Ed. 2d 249 (2008) (citations omitted). Plaintiff has not alleged any of these factors, and is therefore not entitled to an injunction.

## IV.
## **CONCLUSION**

Plaintiff may respond to this Order in one of three ways. First, Plaintiff may inform the Court within **30 days** of the date of this Order that he will proceed solely against Deputy Young in his individual capacity for violating Plaintiff's Eighth Amendment rights. If Plaintiff so chooses, the Court will dismiss the remaining claims and authorize Plaintiff to serve the FAC on Deputy Young.

Second, Plaintiff may file a Second Amended Complaint within **30 days** of the date of this Order. The SAC shall bear the designation "Second Amended Complaint" and the case number assigned to this case ("CV 14-8037-PA-KK"). The SAC must cure the defects described in this Order. Plaintiff shall not include new defendants or new allegations that are not reasonably related to the claims asserted in the FAC. If Plaintiff files a SAC, the Original Complaint and FAC will be treated as non-existent. Therefore, the SAC shall not refer in any manner to either the Original Complaint or the FAC. The SAC must be complete in itself and not require any prior knowledge of Plaintiff's case. Plaintiff is explicitly cautioned that failure to timely file a SAC, or failure to correct the deficiencies described in this Order, will result in a recommendation that this action be dismissed with prejudice for failure to prosecute or failure to obey Court orders pursuant to Federal Rule of Civil Procedure 41(b).

Third, Plaintiff may, within **30 days** of the date of this Order, request a voluntary dismissal of this action without prejudice, pursuant to Federal Rule of Civil Procedure 41(a). **A Notice of Dismissal Form is attached for Plaintiff's**

**convenience.**

The Court warns Plaintiff that failure to timely file a response to this Order will result in a recommendation that this action be dismissed with prejudice for failure to prosecute or failure to obey Court orders.

IT IS SO ORDERED.

DATED:  December 12, 2014

_____
HONORABLE KENLY KIYA KATO
UNITED STATES MAGISTRATE JUDGE