O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LANCE WILLIAMS, | Case No. CV 14-8037-PA (KK) |
| Plaintiff, | MEMORANDUM AND ORDER DISMISSING ACTION AS UNTIMELY |
| v. | |
| C.A. YOUNG, *et al.*, | |
| Defendants. | |

On September 28, 2014, Plaintiff Lance Williams, a California state prisoner proceeding *pro se* and *in forma pauperis*, filed this civil rights action under 42 U.S.C. § 1983, alleging wrongful acts that took place on December 31, 2010. This action is untimely, and the Court dismisses it with prejudice.

**I.**

**BACKGROUND**

On September 28, 2014, Plaintiff constructively filed a civil rights complaint under section 1983 ("Complaint").[1] The Complaint is one of five civil rights complaints

---

[1] Under the "mailbox rule," a pleading filed by a *pro se* prisoner is deemed to be filed as of the date the prisoner delivered the pleading to prison authorities for mailing, not the

1

Plaintiff has filed since September 23, 2014. See Case Nos. 2:14-cv-7583-GW-KK; 2:14-cv-8039-PA-KK; 2:14-8640-PA-KK; 2:15-cv-0037-PA-KK. In the Complaint, Plaintiff sues a number of defendants for an assault that allegedly occurred on December 31, 2010. ECF No. 3 at 3.

On November 6, 2014, the Court dismissed the Complaint with leave to amend because it did not allege enough facts to state a claim against various defendants. On December 3, 2014, Plaintiff filed a First Amended Complaint ("FAC"). On December 12, 2014, the Court dismissed the FAC with leave to amend, noting, once again, that Plaintiff did not allege sufficient facts against certain defendants. On December 26, 2014, Plaintiff filed a Second Amended Complaint ("SAC").

In screening the Complaint and FAC, the Court did not question this action's timeliness. The Court assumed Plaintiff had been continuously incarcerated since the date his claims accrued – *i.e.*, since December 31, 2010 – and that he therefore had four years to file those claims: two years under section 1983's statute of limitations, and two years of tolling under California law for the "disability of imprisonment." Jones v. Blanas, 393 F.3d 918, 927 (9th Cir. 2004).

On December 3, 2014, in response to orders to show cause ("OSCs") in two of his other cases, Plaintiff filed declarations ("OSC Declarations") in which he admitted he was not incarcerated for approximately 16 months from 2011 to 2013 – specifically, from February 28, 2011, until August 4, 2011, and from "mid October 2012" until September 18, 2013. Case No. 2:14-cv-7583-GW-KK, ECF No. 12 at 3-4; Case No. 2:14-cv-8640-PA-KK, ECF No. 6 at 2-4.[2]

---

date on which the pleading was received by the court. See Anthony v. Cambra, 236 F.3d 568, 574-75 (9th Cir. 2000). Here, Plaintiff signed the Complaint on September 28, 2014. ECF No. 3 at 8. Thus, the Court considers that date to be the date of filing.

[2] Ultimately, the Court issued a Report and Recommendation in each of the other two cases recommending dismissal for lack of timeliness. Case No. 2:14-cv-7583-GW-KK, ECF No. 15; Case No. 2:14-cv-8640-PA-KK, ECF No. 8. On February 5, 2015, the

2

Based on the information in the OSC Declarations, on January 7, 2015, the Court issued an OSC regarding the timeliness of the instant action.[3] The OSC stated:

> In screening the SAC, the Court must acknowledge what the OSC Declarations reveal: Plaintiff was not continuously incarcerated, thus the Court incorrectly assumed Plaintiff had four years from the date of accrual to file this action. In reality, because of the significant gap in Plaintiff's incarceration after the date of accrual, Plaintiff had at most two years and nine months to file this action.
>
> Plaintiff's claims in this case accrued on December 31, 2010. Plaintiff was required to file his claims, at latest, by October 1, 2013. Plaintiff did not file this action until September 28, 2014. Thus, absent equitable tolling, this action is untimely.

ECF No. 11 at 2-3. The Court ordered Plaintiff to show cause why this action should not be dismissed as untimely. Id. at 3. The Court allowed Plaintiff 14 days – that is, until January 21, 2015 – to either respond to the OSC or file a notice of voluntary dismissal of this action without prejudice. Id.

On January 20, 2015, Plaintiff requested an extension of time to respond to the OSC. On January 21, 2015, the Court granted the request, giving Plaintiff until February 4, 2015, to file a response.

On February 9, 2015, Plaintiff requested an additional extension of 60 days, explaining he would like to "obtain new counsel to take over/litigate" this action. ECF No. 14 at 1. On the same date, the Court denied Plaintiff's request, explaining it had previously granted Plaintiff an extension and that Plaintiff "offered no reason as to why he has not been able to file a response within the additional time afforded." ECF No. 15

---

Court accepted the Report and Recommendation in Case No. 2:14-cv-8640-PA-KK, and entered judgment dismissing that case.

[3] The Court takes judicial notice of the OSC Declarations. A court "may take judicial notice of matters of public record," including of "proceedings and filings" in other cases and "in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue." Lee v. City of Los Angeles, 250 F.3d 668, 689 (9th Cir. 2001) (citations and internal quotation marks omitted); United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc., 971 F.2d 244, 248 (9th Cir. 1992) (citations and internal quotation marks omitted).

at 1.

On February 26, 2015, Plaintiff filed a response to the OSC issued on January 7, 2015. Plaintiff argues he is entitled to equitable tolling. First, Plaintiff argues the Defendants received timely notice of the claims in this case on February 3, 2011, when Plaintiff filed an administrative complaint.[4] ECF No. 16 at 2. Second, Plaintiff argues the Defendants would not be prejudiced by being required to litigate this case now. Id.

Third, Plaintiff argues his conduct was reasonable and in good faith. Id. Plaintiff suggests he filed this action late because he did not learn until July 29, 2014, that his February 3, 2011, administrative complaint had been denied. Id. To explain this extraordinary delay, Plaintiff submits a declaration by a third party, Tasha Douglas, who appears to say that she is to blame for the delay. To the extent the Court can understand Ms. Douglas's declaration, she states (1) she was responsible for obtaining Plaintiff's mail in 2011; (2) during that time, she believes she received a "notice" relating to Plaintiff's administrative complaint, but she mistakenly treated it as "junk mail"; and (3) the notice "may have been shuffled and/or misplaced." Id. at 5-6.

## II.
## DISCUSSION

**A.     Legal Standard**

A court may dismiss a complaint *sua sponte* "on the ground that it is barred by the applicable statute of limitations" if "the running of the statute is apparent on the face of the complaint." Von Saher v. Norton Simon Museum of Art at Pasadena, 592 F.3d 954, 969 (9th Cir. 2010) (citation and internal quotation marks omitted); see also Levald, Inc. v. City of Palm Desert, 998 F.2d 680, 687 (9th Cir. 1993).

"For actions under 42 U.S.C. § 1983, courts apply the forum state's statute of

---

[4] Plaintiff has not provided a copy, or any other proof of, this administrative complaint.

4

limitations for personal injury actions, along with the forum state's law regarding tolling, including equitable tolling, except to the extent any of these laws is inconsistent with federal law." Jones, 393 F.3d at 927 (citation omitted). California's statute of limitations for personal injury claims is two years. Id. (citing Cal. Civ. Proc. Code § 335.1). California law "provides for the tolling of a statute of limitations for a period of two years based on the disability of imprisonment," if the plaintiff is "'imprisoned on a criminal charge . . . for a term less than for life.'" Id. (quoting Cal. Civ. Proc. Code § 352.1) (footnote omitted). "[A]ctual, uninterrupted incarceration is the touchstone for applying California's tolling provision for the disability of imprisonment." Id. at 928 (citations and internal quotation marks omitted).

In addition, "California courts apply equitable tolling to prevent the unjust technical forfeiture of causes of action, where the defendant would suffer no prejudice." Id. at 928 (citation and internal quotation marks omitted). "Application of California's equitable tolling doctrine requires a balancing of the injustice to the plaintiff occasioned by the bar of his claim against the effect upon the important public interest or policy expressed by the limitations statute." Id. (citations, internal quotation marks, and alterations omitted). "Under California law, a plaintiff must meet three conditions to equitably toll a statute of limitations: (1) defendant must have had timely notice of the claim; (2) defendant must not be prejudiced by being required to defend the otherwise barred claim; and (3) plaintiff's conduct must have been reasonable and in good faith." Fink v. Shelder, 192 F.3d 911, 916 (9th Cir. 1999) (citation and internal quotation marks omitted). "[T]he effect of equitable tolling is that the limitations period stops running during the tolling event, and begins to run again only when the tolling event has concluded." Lantzy v. Centex Homes, 31 Cal. 4th 363, 370 (2003). The burden to plead facts which would give rise to equitable tolling falls upon the plaintiff. Hinton v. Pac. Enters., 5 F.3d 391, 395 (9th Cir. 1993); see also Kleinhammer v. City of Paso Robles, 385 Fed. App'x 642, 643 (9th Cir. 2010).

While "state law determines the length of the limitations period, federal law

determines when a civil rights claim accrues." Morales v. City of Los Angeles, 214 F.3d 1151, 1153-54 (9th Cir. 2000). Under federal law, "a claim accrues when the plaintiff knows or has reason to know of the injury which is the basis of the action." TwoRivers v. Lewis, 174 F.3d 987, 992 (9th Cir. 1999) (citation omitted).

**B.     Application**

### 1.     This Action Is Untimely.

Plaintiff's alleged injury occurred on December 31, 2010. See ECF No. 3 at 3. After that date of accrual, Plaintiff was unincarcerated for approximately 16 months – *i.e.*, from February 28, 2011, until August 4, 2011, and from "mid October 2012" until September 18, 2013. Case No. 2:14-cv-7583-GW-KK, ECF No. 12 at 3-4; Case No. 2:14-cv-8640-PA-KK, ECF No. 6 at 2-4. Therefore, at most, Plaintiff was entitled to nine months of tolling for the "disability of imprisonment." Jones, 393 F.3d at 927. Adding nine months to section 1983's two-year statute of limitations, Plaintiff had at most two years and nine months from the date of accrual to file his claims. Id. Thus, Plaintiff was required to file his claims, at latest, by October 1, 2013. Plaintiff did not file this action until September 28, 2014, almost 12 months after the expiration of the statute of limitations.

### 2.     Plaintiff Is Not Entitled to Equitable Tolling.

In arguing for equitable tolling, Plaintiff states he filed this action late because he did not learn until July 29, 2014, that his administrative complaint from February 3, 2011, had been denied. ECF No. 16 at 2. Plaintiff suggests Tasha Douglas is to blame for this extraordinary delay, because, in 2011, Ms. Douglas "may have . . . shuffled and/or misplaced" the notice of denial. Id. at 6.

Plaintiff has not met his burden of showing entitlement to equitable tolling. See Hinton, 5 F.3d at 395. First, Plaintiff has not shown he actually filed an administrative complaint; for example, he has not provided the Court a copy of the complaint or any

proof of filing.  Second, even assuming Plaintiff filed an administrative complaint, Plaintiff has not shown Ms. Douglas actually "misplaced" the notice of denial.  Indeed, Ms. Douglas herself merely states she "*may* have" misplaced it.  ECF No. 16 at 6 (emphasis added).  Third, even assuming Ms. Douglas misplaced the notice of denial, Plaintiff fails to explain why he waited over three years to investigate the disposition of his February 2011 administrative complaint.  Thus, Plaintiff has not shown he acted reasonably and in good faith.  See Fink, 192 F.3d at 916.

In addition, there is ample reason to conclude the Defendants would "be prejudiced by being required to defend the otherwise barred claim" almost four years after the alleged incident.  Id.  "Unnecessary delay inherently increases the risk that witnesses' memories will fade and evidence will become stale."  Pagtalunan v. Galaza, 291 F.3d 639, 643 (9th Cir. 2002) (citation omitted).  Thus, Plaintiff has not demonstrated entitlement to equitable tolling.

For the foregoing reasons, this action must be dismissed as untimely.  Because no amendment can cure this action's untimeliness, dismissal of the SAC should be without leave to amend.  See Akhtar v. Mesa, 698 F.3d 1202, 1212 (9th Cir. 2012).

### III.
### **ORDER**

IT IS THEREFORE ORDERED that Judgment be entered dismissing the SAC without leave to amend, and dismissing this action with prejudice.

DATED: May 19, 2015

HONORABLE PERCY ANDERSON
UNITED STATES DISTRICT JUDGE

Presented by:

_____
KENLY KIYA KATO
UNITED STATES MAGISTRATE JUDGE

7